UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: <br><br> EDWARD ANTHONY BRAZIS, <br><br> Debtor. | CASE NO. 21-58637-JWC <br><br> CHAPTER 7 |
| ROBERT J. BRYANT, <br><br> Plaintiff, <br><br> EDWARD ANTHONY BRAZIS, <br><br> Defendant/Debtor. | ADVERSARY PROCEEDING <br><br> ADVERSARY NO. <br> _____ |

COMPLAINT TO DETERMINE THE DISCHARGEABILITY OF A DEBT
PURSUANT TO 11 U.S.C. § 523(a)(2)(A)

COMES NOW Plaintiff Robert J. Bryant ("Plaintiff") and brings this adversary proceeding pursuant to to 11 U.S.C. § 523(a)(2)(A) and (c), seeking an order determining that a pre-petition judgment obtained by Plaintiff against Defendant Edward Anthony Brazis (the "Debtor") is excepted from discharge, and Plaintiff shows as follows:

1

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. § 523. This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

2. Venue in the Northern District of Georgia is proper under 28 U.S.C. § 1409(a).

3. This Adversary Proceeding relates to In re Edward Anthony Brazis Sr., No. 21:58637-JWC (Bankr. N.D. GA.) now pending in this Court (the "Bankruptcy Case").  Plaintiff is a citizen and resident of the State of Georgia who holds a general unsecured claim against Debtor pursuant to a Judgment entered in the case of Robert J. Bryant (Plaintiff) vs. Edward Anthony Brazis d/b/a Elite Hardscapes & Water Gardens, Inc., et al. (Defendants), Civil Action No. 19SCE0489 in the State Court of Cherokee County, Georgia (the "Underlying Lawsuit") in the total principal amount of $36,070.50, on November 20, 2019 (the "Judgment").

## DEBTOR'S CONDUCT GIVING RISE TO THE NONDISCHARGEABLE DEBT LIQUIDATED IN THE JUDGMENT

4. On or about March 6, 2019, Plaintiff met Debtor and said Debtor stated to Plaintiff that he owned Elite Hardscapes & Water Gardens, Inc. ("Elite")

2

which was a successful and active landscaping business. Plaintiff mentioned that he was contemplating hiring a landscaping contractor to perform certain work (the "Project") at his property located at 406 Allatoona Trail, Woodstock, GA.  Debtor stated that he would like to meet with Plaintiff to discuss the Project and would give him a very good quote for the work.

5. As of March 6, 2019, Elite was not an existing corporation, having been previously dissolved by the Georgia Secretary of State.

6. On March 7, 2019 and again on March 9, 2019 Plaintiff and Debtor met at Plaintiff's house to discuss the Project in detail. Rather than inform Plaintiff that Elite had long ago been dissolved by the Secretary of State, Debtor told Plaintiff that Elite's website was "temporarily down".  Plaintiff subsequently executed a contract with Elite for Elite to perform the Project (the "Project Contract").  The Project Contract provided for Plaintiff to pay fifty-percent (50%) of the contract price prior to work beginning, which Plaintiff did.

7. Debtor's meager attempts at performing work for the Project were defective, delayed and incomplete from the beginning.  Debtor also exploited a contract requirement to provide fill dirt on the Project to dump construction debris and trash on Plaintiff's property.

8. Debtor knowingly and with intent to deceive Plaintiff led Plaintiff to believe that he was contracting with an active, successful landscaping corporation, which was false.

9. At the time he executed the Project Contract and induced Plaintiff to make partial payment, Debtor intended to defraud Plaintiff by surreptitiously substituting construction waste in place of the clean fill dirt required by the contract.  Debtor presumed that Plaintiff would not discover the unsuitability of the soils until later failure and subsidence of the sinkhole repair long after Debtor had been paid for the work.

10. Plaintiff's claims against Debtor arising out of Debtor's conduct relating to the Project Contract were asserted in the Underlying Lawsuit and liquidated in the Judgment.

11. The Debtor's judgment debt to Plaintiffs is one for money, property, or services obtained by false pretenses, false representations, or actual fraud, and is excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A)

WHEREFORE, Plaintiff respectfully requests that the Court:

A.  Determine that the debt represented by the Judgment against Debtor in the amount of $36,070.50 plus post-judgment interest is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A); and

B. Grant Plaintiff such other and further relief as this case may require and the Court deems just and proper.

This 18th day of February, 2022.

                                              Respectfully submitted,

/s/Andrew J. Becker
Andrew J. Becker
Georgia Bar Number 142595
David J. Merbaum
Georgia Bar Number 006700

Merbaum & Becker, P.C.
5755 North Point Parkway, Suite 284
Alpharetta, Georgia 30022
dmerbaum@mbpclaw.com

5